## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| RAMON ZARATE, | |
| Plaintiff, | Case No.: 2:19-CV-2340 |
| v. | Judge Colin S. Bruce |
| | Magistrate Judge Eric I. Long |
| VILLAGE OF AROMA PARK, and BRIAN STUMP, in his individual and official capacities. | |
| Defendants. | |

## PLAINTIFF'S MOTIONS IN *LIMINE* 1-8
## TO BAR ADMISSION OF EVIDENCE AT TRIAL

Plaintiff, RAMON ZARATE, by and through his attorneys, Case + Sedey, LLC, moves in *limine* to bar any use at trial of certain evidence as set forth below.

### INTRODUCTION

This matter is set for trial to begin on August 30, 2022 at 9:00 a.m. At issue are Plaintiff's claims under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), the Fourteenth Amendment to the Constitution of the United States ("14th Amendment"), 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended ("Title VII"), and the Illinois Human Rights Act, 775 ILCS § 5/1-101 et seq. ("IHRA") that Defendants Village of Aroma Park and Mayor Brian Stump discriminated against him on the basis of his race and/or national origin when it issued him discipline and/or terminated his employment. Plaintiff now seeks to bar admission of categories of evidence which have no probative value at all or for which their probative value is outweighed by their prejudicial effect.

**LEGAL STANDARD**

Motions in *limine* are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). District courts have "broad discretion in ruling on evidentiary questions during trial or before on motions *in limine.*" *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). A motion *in limine* "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson*, 115 F.3d at 440.

The Federal Rules of Evidence provide that evidence is admissible only if it is relevant and that evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." F.R.E. 401; F.R.E. 402. Further, a court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.

**Plaintiff's Motion in *Limine* No. 1 to Bar Evidence of 2010 Sexual Harassment Complaint**

First, Plaintiff moves to exclude evidence pertaining to an allegation of sexual harassment made against Plaintiff in 2010, the investigation into that allegation, and remedial measures taken, if any, as a result of that complaint.

In discovery, Defendant produced a five-page investigation summary pertaining to an allegation that Plaintiff had engaged in sexual harassment, including but not limited to offering

hugs to male and female colleagues and asking one female coworker to go on a date with him. *See* Pltf's Ex. 1 (PJM 0007-11). The document recounts summaries of witness interviews conducted with Plaintiff and those who he was alleged to have harassed and concludes that there was "insufficient evidence to prove that sexual harassment occurred." *Id.* at p. PJM 0011. The document is not, in and of itself, a disciplinary warning and instead includes a recommendation that the summary be shared with Plaintiff's then-supervisor for "further consideration and departmental action if appropriate" and that the Village institute sexual harassment and EEO trainings for all Village employees as soon as possible.

Defendants did not produce any further documentation pertaining to this complaint. Nor did Defendants produce any documentation reflecting discipline stemming from the complaint, despite that Plaintiff requested copies of all documents regarding discipline issued to Plaintiff and Defendants responded without objection. *See* Pltf's Ex. 2 (Defs.' Response to Plaintiff's RFP), p. 1, RFP No. 3.

When asked about the matter at his deposition, Plaintiff acknowledged only that after the complaint was made, he went to a sexual harassment training along with the Village's Chief of Police and other officers who he could not recall. *See* Pltf's Ex. 3 (Zarate Transcript), 32:4-33:4, 43:20-45:5. He did not testify to being issued any discipline related to the matter.

Plaintiff respectfully requests that this Court bar any testimony or documentary evidence from trial regarding the sexual harassment complaint, investigation thereof, and/or any remedial measures resulting from the complaint because such testimony: 1) is irrelevant to Plaintiff's claims and Defendants' defenses; and 2) any probative value the evidence might contain would be easily outweighed by the danger of unfair prejudice.

As an initial matter, neither the sexual harassment complaint nor any investigation or remedial measures stemming therefrom has any bearing on any fact of consequence in this case. In his Complaint, Plaintiff claims that he was discriminated against based on his race and/or national origin in violation of state and federal law where Mayor Bryan Stump issued him repeated disciplinary warnings and, ultimately, Defendants terminated his employment. *See* Pltf's First Amended Compl. (Dkt. #8, pp. 5-10). Defendants respond that Defendant Stump terminated Plaintiff because he received "reports that [Plaintiff] was burning tires in the village." *See* Def.'s Amended Answer (Dkt. # 19, ¶ 17); Pltf's Ex. 4 (Stump Transcript), 63:16-24.

Given that Defendants' decision to terminate Plaintiff was not premised in any way on the allegation of sexual harassment, it is irrelevant to the claims and defenses. Indeed, the sole decision-maker with regard to Plaintiff's termination (Defendant Stump) was not even elected Mayor until 2017, seven years after the allegation of harassment was made.

Further, even if this Court were to hold the evidence had some marginal relevance, it should be excluded where its probative value is far outweighed by the danger that it would prejudice the jury against Plaintiff. *See* F.R.E. 403.

### Plaintiff's Motion in *Limine* 2 to Bar Evidence of Resident Complaint

Second, for many of the same reasons as those stated above, Plaintiff moves to exclude evidence of a resident complaint made against him while serving in his capacity as a Part-Time Police Officer for Defendant Village of Aroma Park. At his deposition, Plaintiff was asked whether he had ever been subject to any complaints about his actions while employed by the Village of Aroma Park as a part-time police officer. *See* Pltf's Ex. 3 (Zarate Transcript), 31:18-

4

32:3. Plaintiff testified that he had received one complaint from an individual who said Plaintiff was "loud" with her and embarrassed her in front of her kid.

Defendants have not produced any evidence about this complaint or any documents suggesting that Plaintiff was counseled or disciplined for his actions. Nor have Defendants asserted that this complaint had any impact on the decision to terminate Plaintiff's employment. Indeed, this complaint was made in the capacity of Plaintiff's work as a police officer as opposed to his work as a full-time employee in the Village's Streets and Sewer Department and therefore is completely irrelevant to the claims at hand. This evidence must be excluded for its lack of relevance and because of the danger that it would prejudice the jury against Plaintiff.

### Plaintiff's Motion in *Limine* 3 to Bar Evidence of YouTube Video

Third, Plaintiff moves to bar introduction of evidence that Plaintiff took video of Defendant Stump raking gravel on his personal property or that Plaintiff posted that video on YouTube. Defendants asked Plaintiff about this video at his deposition, and he testified that he took the video because he "did not feel that it was right" that Village employees were dropping off gravel (which Plaintiff did not believe Defendant Stump had paid for) and spreading it on Defendant Stump's personal property in a manner which the Village did not typically do for residents. *See* Pltf's Ex. 3 (Zarate Transcript), 61:24-66:2.

Given that Defendants contend that Plaintiff was terminated based on reports that he was burning tires, not because he had taken or posted a video of Defendant Stump raking gravel on his property, neither the video nor the YouTube post have any bearing on any fact of consequence.

**Plaintiff's Motion in *Limine* 4 to Bar Evidence of Plaintiff's Previous Termination**

Fourth, Plaintiff moves to bar evidence related to his termination from a prior employer. In response to questions posed at his deposition, Plaintiff testified that he had been terminated from a position with K-Mart more than 20 years ago for allegedly taking an unapproved break during a workday. *See* Pltf's Ex. 3 (Zarate Transcript), 20:22-21:22. This termination is unrelated to case at hand, and while Plaintiff testified as to what he was told regarding the reason for termination no evidence has been produced (or even requested) pertaining to whether that justification was true. Thus, the fact of the termination and any evidence related thereto should be barred from admission into evidence as irrelevant and overly prejudicial.

Further, to the extent that Defendants intend to introduce this decades-old termination as evidence suggesting that Plaintiff was a poor employee for the Defendant, it must be barred under F.R.E. 404(a) which requires exclusion of evidence proffered to show a proclivity for bad conduct or bad character. *See Baskerville v. Culligan Int'l Co.*, No. 93 C 5367, 1994 WL 162800, at *3 (N.D. Ill. Apr. 25, 1994) (applying FRE 404(a) and granting plaintiff's motion in *limine* to bar admission of evidence of discipline and/or terminations from prior employers in Title VII trial).

**Plaintiff's Motion in *Limine* No. 5 to Bar Evidence of Requests for Time Off**

Fifth, Plaintiff seeks to exclude evidence pertaining to his attendance, requests for time off for medical appointments, or use of sick days. At Plaintiff's deposition, counsel for Defendants inquired at some length about whether and how frequently Plaintiff had requested time off of work due to unspecified medical conditions or for purposes of attending doctors' appointments. *See* e.g., Pltf's Ex. 3 (Zarate Transcript), 9:17-10:1, 12:4-15:24.

Plaintiff's discrimination claims pertain to his race and national origin, not his medical status or related need for medical leave or time off. Further, Plaintiff was never disciplined or counseled for his attendance record or requests for time off during his employment with Defendants; nor have attendance or time off requests been cited as a justification for his termination.

Thus, these matters are irrelevant to the claims or defenses and introduction of this evidence would at best be an inefficient use of the Court and jurors' time, and at worst paint Plaintiff as an unreliable employee and thereby prejudice the jury against him.

**Plaintiff's Motion in *Limine* No. 6 to Bar Evidence Related to Cell Phone Bills**

Sixth, Defendant also questioned Plaintiff at his deposition regarding his use of a cellular phone provided to him by Defendant Village of Aroma Park, and his related requests for phone upgrades and bills for exceeding his monthly allotted call minutes. *See* e.g., Pltf's Ex. 3 (Zarate Transcript), 50:9-51:19, 159:13-161:3.

Again, these issues are completely unrelated to Plaintiff's claims that he was discriminated against based on his race and national origin. Further, Defendants have never asserted that their decisions to issue him discipline and/or to terminate his employment was based on his use of the Village phone, requests for upgrades, or exceeding of allotted monthly minutes. Thus, this evidence is irrelevant and can only serve to prejudice the jury against Plaintiff.

**Plaintiff's Motion in *Limine* No. 7 to Bar Evidence of Plaintiff's Prior Legal Proceedings**

Seventh, Plaintiff seeks to bar evidence at trial of his divorce and/or bankruptcy filings which preceded his claims against Defendants. At Plaintiff's deposition, Defendants inquired as

to his marital status and whether he had ever filed for bankruptcy. Plaintiff responded that he had been divorced and, ultimately, married his current wife more than seven years prior. He also indicated that had filed for bankruptcy, and he believed that filing had preceded his employment with the Village of Aroma Pak (which would have put his bankruptcy filing at more than a decade prior). *See* Pltf's Ex. 3 (Zarate Transcript), 27:10-28:4.

Neither Plaintiff's divorce filings nor his decade-old bankruptcy has any bearing on any issue in the case and they should be barred from evidence at trial under F.R.E. 401. *See Martinez v. Clarian Health Partners, Inc.*, No. 1:12-CV-00567-TWP, 2014 WL 545893, at *1 (S.D. Ind. Feb. 10, 2014) (granting Plaintiff's motion in *limine* and holding that evidence of plaintiff's two divorces and past bankruptcies were not relevant to his Title VII claims).

**Plaintiff's Motion in *Limine* No. 8 to Bar Evidence of Defendants' Financial Status**

Eighth, and finally, Plaintiff moves to exclude evidence or argument related to Defendants' financial status, inability to pay punitive damages, and/or any burden being placed on the public or taxpayers as a result of a verdict in Plaintiff's favor. In Defendants' Answer to Plaintiff's First Amended Complaint, Defendants failed to assert the affirmative defense of Defendants' inability to pay punitive damages. *See* Defs.' Amended Answer (Dkt. # 19). Therefore, Defendants should not be able to raise such a defense now, after discovery has closed. Defendants have waived any right to offer evidence of their financial circumstances and/or to claim financial hardship at trial.

## CONCLUSION

Wherefore, Plaintiff respectfully requests that this Court enter an order barring any use at trial of the evidence, including but not limited to testimony and/or documents, regarding the subject matters discussed above.

8

                                                Respectfully submitted,

                                                RAMON ZARATE

                                                By: */s/ Kate Sedey*
                                                         One of His Attorneys

Kate Sedey
Kristin M. Case
Case + Sedey, LLC
250 South Wacker Dr., Suite 230
Chicago, Illinois 60606
312-920-0400
312-920-0800 (fax)
ksedey@caseandsedey.com